IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TEMESHIA HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 123-111 |
| | * | |
| EXPERIAN INFORMATION | * | |
| SOLUTIONS, INC.; EQUIFAX INC.; | * | |
| and TRANSUNION LLC, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court is the Parties' stipulation of dismissal with prejudice as to Defendant Equifax Inc. ("Equifax"). (Doc. 17.) The Parties move to dismiss Equifax under Rule 41(a)(1)(A)(ii); however, the stipulation is only signed by Plaintiff and Equifax. (Id. at 2.) This Court has previously held "that Rule 41(a)(1) is a proper mechanism to dismiss less than all the parties to a controversy." Jackson v. Equifax Info. Servs., LLC, No. CV 119-096, 2020 WL 476698, at *1 (S.D. Ga. Jan. 29, 2020); see also Rainey-Jones v. Charlie Norwood VA Med. Ctr., No. CV 119-186, 2020 WL 5370958, at *1 (S.D. Ga. Sept. 8, 2020) ("A stipulation of dismissal may be used . . . to dismiss an entire action against a particular defendant in a lawsuit."). However, the Rule requires the stipulation be "*signed by all parties who have appeared.*" Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added).

The Eleventh Circuit has found a stipulation of dismissal that "was not signed by all parties who have appeared in th[e] case" was invalid. Hardnett v. Equifax Info. Servs., LLC, No. 21-13195, 2023 WL 2056285, at *1 (11th Cir. Feb. 17, 2023).

**IT IS THEREFORE ORDERED** that Plaintiff and Defendant Equifax's dismissal of Defendant Equifax is **DENIED WITHOUT PREJUDICE**. If the Parties want to dismiss Defendant Equifax, they are instructed to re-file their motion signed by all Parties.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of September, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA